# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND SCOTT and CARLA SCOTT,** | **CASE NO. 1:18-CV-649 AWI EPG** |
| Plaintiffs | **ORDER ON UNOPPOSED MOTIONS TO DISMISS UNDER RULE 12(B)(6)** |
| v. | |
| **BLUEGREEN VACATIONS CORP. and Does 1-20,** | (Doc. No. 5) |
| Defendants | |

In the summer of 2015, Raymond and Carla Scott contracted with Bluegreen Vacations Corp. to purchase two timeshare properties and "Vacation Points," usable at other Bluegreen facilities and on cruise lines. *Id*. In early 2018, the Scotts filed suit against Bluegreen in California state court, alleging breach of contract and fraud for Bluegreen's failure to honor the Contracts. *Id*. at p. 2. Bluegreen removed to this Court on diversity grounds. Doc. No. 1.

Bluegreen now moves for dismissal, contending for multiple reasons that the breach-of-contract and fraud claims fail as a matter of law. *See* Doc. No. 5-1.

For the reasons discussed below, the Court finds:

(I) The breach-of-contract claim falls short of federal pleading standards in some respects but not others, and the Scotts' prayer for emotional-distress damages under this claim is barred by California law;
(II) The fraud claim is not duplicative of the contract claim, but lacks the requisite specificity required by Rule 9(b); and
(III) It is yet to be determined whether the integrated writings bar the claims.

For the reasons stated below, Bluegreen's motion will be granted, and the Scotts will be given leave to amend.

## *Background*[1]

On June 6, 2015, Raymond and Carla Scott purchased an interest in a timeshare owned by Bluegreen. Doc. 1-4 at p. 6. In exchange for approx. $27,000, the Scotts acquired ownership of a property located in Big Bear Lake, California, as well as "Vacation Points" to be used at other Bluegreen facilities and on cruise lines. *Id*. On August 22, 2015, the Scotts entered into a second contract with Bluegreen, for approx. $30,000, that gave the Scotts an interest in another timeshare property and "promised additional preferential treatment in the form of Vacation Points . . . ." *Id*. On September 4, 2015, and at multiple times thereafter, Bluegreen "failed to accommodate [the Scotts] travel plans or to otherwise provide any of the benefits designated in the Contract[s]." *Id.* at p. 13.

In March of 2018, the Scotts filed suit against Bluegreen in the Superior Court of California, Kern County, alleging claims for breach of contract and fraud. *Id*. at p. 2. Bluegreen removed to this Court on diversity grounds, and now moves to dismiss for failure to state a claim on which relief might be granted. Doc. Nos. 1, 5.

## *Parties' Arguments*

Bluegreen asserts the Complaint is deficient as a matter of law in three respects:

(I) The breach-of-contract claim fails to plausibly identify how/what portions of the Contracts were breached, whether the Scotts fully performed/were excused from performing, or how they were damaged;
(II) The fraud claim fails because it impermissibly attempts to convert a contract action into a tort, and otherwise falls short of the specificity requirements of Fed. R. Civ. P. 9(b); and
(III) The integrated writings (the Contracts) bar both the contract and fraud claims.

Doc. No. 5-1. The Scotts did not file a response.[2] *See* Doc. No. 7.

---

[1] The facts derive from the Complaint (Doc. No. 1-4), as well as the two Contracts submitted by Bluegreen (Doc. No. 6-1)—which the Court judicially notices as "evidence on which the Complaint 'necessarily relies.'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). All facts are construed in the light most favorable to the Scotts—the non-moving party. *Faulkner v. ADT Sec. Servs*., 706 F.3d 1017, 1019 (9th Cir. 2013).

[2] Bluegreen claims the Scotts' failure to respond is grounds alone for dismissal, citing to *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). *Ghazali* is distinguishable, as the Ninth Circuit in that case merely affirmed a Nevada court's dismissal for failure to comply with that district's local rule. However, the local rule in this district only provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." L.R. 230. The Court took this matter under submission, vacating the hearing, and so Bluegreen's reliance on *Ghazali* is inapposite.

*Legal Standard*

Under Rule 12(b)(6),[3] a claim may be dismissed because of the plaintiff's failure to state a claim upon which relief can be granted. This encompasses two scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id*. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). The Ninth Circuit has distilled the following principles courts are to apply to Rule 12(b)(6) motions:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.
> Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

If a motion to dismiss is granted, the district court should grant leave to amend—even if no request to amend the pleading was made—unless amendment "would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities." *Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016).

---

[3] Citations to the "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise specified.

*Analysis*

**I.  Breach of Contract Claim**

In California, the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) defendant's breach, (3) plaintiff's performance or excuse for nonperformance, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 735 F. App'x 241, 245 (9th Cir. 2018). "Federal law does not require a plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint[;] [i]nstead, a plaintiff may plead a contract's 'legal effect.'" *Habtemariam v. Vida Capital Grp., LLC*, 2017 WL 2930846, at *3 (E.D. Cal. July 10, 2017) (citing *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005)); *see also Gates v. L. G. DeWitt, Inc.,* 528 F.2d 405, 411 n. 7 (5th Cir.); Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1235 Statement of Particular Matters—Contracts (3d ed.) ("In pleading the existence of an express written contract, the plaintiff, at her election, may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect."). "While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citations omitted); *cf. Kassa v. BP W. Coast Prod., LLC*, 2008 WL 3494677, at *4 (N.D. Cal. Aug. 12, 2008) ("Of course, this case would be easier to understand had [plaintiff] attached a copy of the 2005 franchise agreement.").

The Scotts state their breach-of-contract claim as follows:

- On June 5, 2015, the Scotts entered into a written agreement (Contract No. 906775) to purchase a timeshare from Bluegreen, which also allowed them to "use [Bluegreen's] vacation properties . . . at any number of locations throughout the United States and various destinations in other countries." On August 22, 2015, the parties entered into another written agreement (Contract No. 925678) "intended to elevate [the Scotts'] membership status and entitle [them] to additional benefits offered to [Bluegreen's] preferred customers."
- On September 4 and various times thereafter, Bluegreen breached the agreements by "fail[ing] to accommodate travel plans or to otherwise provide any of the benefits designated in the Contract[s]."

4

- The Scotts have "performed all obligations to [Bluegreen] except those [they were] prevented or excused from performing."
- The Scotts suffered monetary damages of approximately $50,000 from payments made on the Contracts, and emotional distress damages of approximately $50,000 from Bluegreen's failure to perform both on the Contracts and in accordance with contemporaneous oral representations.

Doc. No 1-4 at pp. 11-14.

Under *Levitt*, the Scotts' Complaint contains "sufficient allegations of underlying facts" concerning the existence of a contract, Bluegreen's alleged breach, and damages, such that Bluegreen has "fair notice" of these elements. 765 F.3d at 1135. The Complaint lists the contract numbers, and Bluegreen is on notice that the Scotts believe the company has failed to uphold its end of the bargain by not honoring their travel plans or other benefits, all to the tune of approx. $50,000. Is it true Bluegreen failed to provide the Scotts with the benefits of the Contract, such that a large portion of the Scotts' payments provided no value? That is for the parties to root out in discovery, and for Bluegreen to argue against on the assumed-forthcoming summary judgment motion. Is it plausible the Scotts attempted to use their timeshare and Vacation Points, as per the terms of the Contracts, and Bluegreen failed to accommodate them? Certainly. *Cf. Securimetrics*, 2005 WL 1712008, at *2 (finding federal pleading standards satisfied where the complaint sufficiently alleged the legal effect—that the parties insurance contract required defendant-insurer to defend plaintiff in insurance actions of the particular kind at issue, and that defendant-insurer refused to defend); *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 865 (N.D. Cal. 2011) ("[A]t the present pleading stage, plaintiff has sufficiently alleged a general basis for harm by alleging that the breach of his [personally identifiable information] has caused him to lose some ascertainable but unidentified "value" and/or property right inherent in the PII."); *with Langan*, 69 F. Supp. 3d at 980 (granting 12(b)(6) motion where there was "no way for the Court know even generally what the terms of the contract or contracts were, or even how many agreements are at issue[, as the plaintiff] had at least six different contracts with [defendant]."); *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1093 (S.D. Cal. 2006) (granting motion to dismiss on breach-of-contract claim where the complaint failed to identify any alleged contract between the parties, nor any facts and circumstances surrounding the alleged breach of contract).

However, Bluegreen is correct about two points. First, the Scotts have not alleged facts to support their allegation that they have performed their end of the bargain. The entirety of the Scotts' allegation for this element, as stated in the Complaint, is that they "performed all obligations to [Bluegreen] except those [they were] prevented or excused from performing." Doc. No. 1-4 at p. 11. This is merely a recitation of the "plaintiff's performance" element for breach of contract in California, which does not pass muster to state a claim under Ninth Circuit precedent. *See Levitt*, 765 F.3d at 1135 ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *see also Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1131 (S.D. Cal. 2012) (finding a breach of contract claim failed under the 'plaintiff performance' element as it was unclear "how [plaintiff] has performed all obligations under the contract or [was] otherwise excused from performing such obligations."). For this reason, the Scotts' breach-of-contract claim is deficient, and must be dismissed. As the Court sees no reason why this issue cannot be remedied, the Scotts will be granted leave to amend the breach-of-contract claim. *Garmon*, 828 F.3d at 842 (9th Cir. 2016).

Second, as to the Scotts' claim for "emotional distress damages . . . for failure to perform on the Contracts[,]" California law is clear that such damages are not allowed in typical breach-of-contract claims. *See Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999) ("Damages for mental suffering and emotional distress are generally not recoverable in an action for breach of an ordinary commercial contract in California."); *Riggs v. MySpace, Inc.*, 444 F. App'x 986, 987 (9th Cir. 2011) (affirming dismissal of claim for emotional distress damages under a typical breach-of-contract claim). An exception does exist when the breach also caused bodily harm or "is of such a kind that serious emotional disturbance was a particularly likely result[,]" but the facts here do not indicate the applicability of such an exception. *See Erlich*, 21 Cal. 4th at 558-59 (citing cases on the types of mental anguish required). Upon amendment, the Scotts shall omit the prayer for emotional-distress damages from the breach-of-contract claim.

/ / /

## II. Fraud Claims

Bluegreen raises two arguments as to why the Scotts' fraud claims should fail: (A) that these claims are barred by California law as duplicative of their contract claim; and (B) that the facts alleged in the Complaint fall short the specificity requirement of Rule 9(b).

*A. The Scotts' fraud claims are not precluded by their contract claim*

Bluegreen first contends the Scotts are impermissibly attempting to convert their contract claim into a tort, asserting that the California Supreme Court precludes this. *See Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000) ("A person may not ordinarily recover in tort for breach of duties that merely restate contractual obligations. Instead, '[c]ourts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies.") (citing *Erlich*. 21 Cal.4th at 552). However, a simple cite check of *Erlich* reveals the kinds of acts constituting a breach of those social policies meriting tort remedies; among them—fraud. 21 Cal.4th at 552 ("Tort damages have been permitted in contract cases . . . where the contract was fraudulently induced."); *see also Lazar v. Super. Ct.*, 12 Cal.4th 631, 645 (1996) ("[I]t has long been the rule that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for fraud."); *Hannibal Pictures, Inc. v. Sonja Productions LLC*, 432 Fed. Appx. 700, 701 (9th Cir. 2011) ("Under California law, tort damages may accompany contract claims when the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm.").

The Scotts have alleged two theories of fraud under California law. Doc. No. 1-4 at pp. 4-5. Each give rise to a duty separate and apart from Bluegreen's obligations under the Contracts—a duty not to defraud—and so are not barred by California law. *Erlich*, 21 Cal.4th at 552.

*B. The Scotts' complaint falls short of Rule 9(b)'s specificity requirement*

In California, the general elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013) (quoting *Lazar*, 12 Cal.4th at 638).

/ / /

Under Rule 9(b), when alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9; *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule."). Intent and other mental conditions may be alleged generally. Rule 9(b).

To properly plead fraud with particularity under Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity.").[4] Further, Rule 9(b) does not allow a complaint to "lump multiple defendants together," but instead requires plaintiffs to "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–765 (9th Cir. 2007). At a minimum, a plaintiff must "identify the role of each defendant in the alleged fraudulent scheme." *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1070 (E.D. Cal. 2012) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

The Scotts allege two theories of fraud against Bluegreen and twenty of its agents: negligent or intentional misrepresentation, and promise without intent to perform. The Complaint alleges these theories as follows:

---

[4] A number of California federal courts also cite to *Tarmann v. State Farm Mut. Auto. Ins. Co*., 2 Cal.App.4th 153, 157 (1991), for the proposition that, in a fraud action against a corporation, a plaintiff <u>must</u> "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *See Moss v. Infinity Ins. Co.,* 197 F. Supp. 3d 1191, 1198 (N.D. Cal. 2016); *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1163 (S.D. Cal. 2015); *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 956 (E.D. Cal. 2015); *Delarosa v. Boiron, Inc.*, 818 F. Supp. 2d 1177, 1191 (C.D. Cal. 2011). This Court questions the reliance on this specific provision of *Tarmann* as properly interpreting Rule 9(b), since *Tarmann* is a state court decision regarding California state procedure. *See Boring v. Nationstar Mortg., LLC*, 2014 WL 5473118, at *5 (E.D. Cal. Oct. 28, 2014) ("In an action pending in federal court, 'the Federal Rules of Civil Procedure apply ... irrespective of whether the substantive law at issue is state or federal.'" (quoting *Vess*, 317 F.3d at 1102)). While *Tarmann's* level of detail may be important against a corporation to satisfy Rule 9(b), this should be considered under the circumstances of each case, not as a hard-and-fast rule of federal procedure.

- Intentional or Negligent Misrepresentation:
  - Bluegreen defrauded the Scotts by making two misrepresentations of fact. On June 5, 2015, Bluegreen represented that the Scotts would acquire "the benefits of having a timeshare vacation property and vacation points that could be used for purposes of staying at a number of vacations [sic] sites purportedly owned or controlled by [Bluegreen] throughout the U.S. as well as being able to use these points on various cruise lines." On August 22, Bluegreen "promised additional preferential treatment in the form of vacation points to be used at various vacation sites and cruise lines."
  - These representations were in fact false, when the truth was that Bluegreen "will not honor [its] representations," despite the Scotts having made "substantial efforts to use the vacation points and to book reservations at various facilities" owned by Bluegreen. Bluegreen had no reasonable ground for believing these representations were true.
  - Bluegreen "made the representations with the intent to defraud and induce plaintiff to [enter into the Contracts]."
  - The Scotts "did not know the representations were false and believed they were true." They "acted in justifiable reliance upon the truth of the representations."
- Promise without Intent to Perform:
  - Bluegreen made a promise about a material matter—that the Scotts could "use vacation points and [] book reservations at various facilities" owned by Bluegreen—without any intention of performing on these promises.
  - Bluegreen intended to defraud and induce the Scotts to rely upon these promises so as to enter into the Contracts.
  - The Scotts were unaware of Bluegreen's intention not to perform.
  - They acted in justifiable reliance upon the promise, and were induced to enter into the Contracts.

Doc. No. 1-4 at pp. 4-9. As to damages under both theories, the Scotts allege they "suffered monetary damages of approximately $50,000 from payments made on the Contracts, and emotional distress damages of approximately $50,000 from Bluegreen's failure to perform both on the Contracts and in accordance with contemporaneous oral representations." *Id*. at p. 10.

Taken in a light most favorable to the Scotts, the Complaint falls short of Rule 9(b)'s requirement to identify "the who, what, when, where, and how" of the fraudulent schemes, what about the schemes is false, why so, and which defendant took what actions. *Davidson*, 889 F.3d at 964; *Swartz*, 476 F.3d at 764–765. The Scotts have identified the two dates on which meetings took place, but then only generally allege "preferential treatment." They only generally allege that "Bluegreen" made the representations and promises, but do not identify who specifically said what. *Swartz*, 476 F.3d at 764-765; *Renner v. Bluegreen Corp.*, 2016 WL 10835981, at *3 (C.D. Cal. Aug. 15, 2016) (dismissing under Rule 9(b) where the plaintiffs did not allege the employees'

9

titles, responsibilities, or the contexts in which they represented themselves as being authorized to speak for defendants regarding the timeshare interests);[5] *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 578 F. Supp. 2d 1242, 1249 (E.D. Cal. 2008) ("Rule 9(b) does not require plaintiffs to provide the identity of the individual(s) making the alleged fraudulent statements, [but at] a minimum, plaintiffs must identify the role of each defendant in the alleged fraudulent scheme."); *but see Smith v. Jenkins*, 626 F. Supp. 2d 155, 167 (D. Mass. 2009), *rev'd on other grounds*, 732 F.3d 51 (1st Cir. 2013) ("Smith's inability to provide the name of one of the Century 21 brokers is not fatal to his claim [under Rule 9(b)]. At the initial phases of a case, the civil law takes a permissive view of the propriety of 'John Doe' pleading when the identity of a party can only be ascertained through discovery."). Finally, the Scotts merely allege they made "*substantial* efforts use the vacation points and to book reservations at *various* facilities" (Doc. No. 1-4 at p. 7, emphasis added), which is too general an allegation to withstand Rule 9(b). *See Dorian v. Harich Tahoe Dev*., 1996 WL 925859, at *3 (N.D. Cal. Jan. 16, 1996) (dismissing under Rule 9(b) where the allegations merely stated the defendant committed "hundreds of acts of . . . fraud"). Finally, the Complaint merely recites the element for "justifiable reliance" without providing facts to buttress the Scotts' allegation, which falls short not only of Rule 9(b) but also Rule 8. *See Levitt*, 765 F.3d at 1135 ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action . . . .").

For these reasons, the Scotts' claim for fraud must be dismissed. *Levitt*, 765 F.3d at 1135. As with the breach-of-contract claim, the Court sees no reason why the Scotts cannot amend to rectify the Complaint's deficiencies, and so leave to amend will be granted. *Garmon*, 828 F.3d at 842 (9th Cir. 2016). Upon amendment, the Scotts must be mindful to plead all elements of fraud, under both theories, with the requisite specificity required by Rule 9(b). *Cf. Keicy Chung v. Vistana Vacation Ownership, Inc*., 2017 WL 6886721, at *7 (C.D. Cal. Oct. 19, 2017) (dismissing under Rule 9(b) where documents attached to the complaint demonstrated that the defendants did not make any false representations or false statements); *Abramson v. Marriott Ownership Resorts,*

---

[5] *Renner* relies on the holding of *Tarmann*, 2 Cal.App.4th 153, when dismissing for lack of specificity as to corporate agency. Though the Court questions *Tarmann's* applicability in *every* Rule 9(b) situation, here, the principle is applicable due to the number of Bluegreen's alleged agents, some of whom are listed as Doe Defendants.

*Inc.*, 155 F. Supp. 3d 1056, 1065 (C.D. Cal. 2016) (dismissing under Rule 9(b) where the plaintiffs "merely allege that their ability to reserve was not ideal."); *with Westgate Resorts, Ltd v. Reed Hein & Assoc., LLC*, 2018 WL 5279156, at *5 (M.D. Fla. Oct. 24, 2018) (stating, in dicta, that the allegations meet Rule 9(b) when a plaintiffs "identify and detail [defendants'] statements, when and where they were made, why their statements were false or misleading, how the statements deceived [plaintiff into] stopping their required Timeshare Agreement payments, how [p]laintiffs were damaged, and what [defendants] obtained as a consequence of their purported fraud.").

### III. Integrated Writings as a Bar to Oral Representations

Under California law, contract terms must be interpreted to give effect to the mutual intention of the parties at the time the contract was formed. *See Ameron Intern. Corp. v. Insurance Co. of State of Pennsylvania*, 50 Cal. 4th 1370, 1378 (2010). Extrinsic evidence may not be considered "to vary or contradict the clear and unambiguous terms of a written, integrated contract." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126 (2008). However, under California law, fraud may be based on prior or contemporaneous statements which are inconsistent with the terms of a written integrated agreement. *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1183 (2013); *see also May v. Semblant, Inc.*, 2014 WL 3725296, at *4 (N.D. Cal. July 23, 2014) ("Under California law, the parol evidence rule does not bar introduction of prior or contemporaneous understandings to plead fraud. What the parol evidence rule *does* bar is Plaintiff's introduction of evidence of prior or contemporaneous understandings to contradict the terms of an integrated written agreement without seeking a remedy on that contract.").

Due to the ambiguous nature of the allegations in the Scotts' initial Complaint, the Court will reserve any discussion on the effect of the Contracts on the Scotts' claims. *See Grouse River Outfitters Ltd v. NetSuite, Inc.*, 2016 WL 5930273, at *8 (N.D. Cal. Oct. 12, 2016) ("The [] disclaimers may defeat one or more of the fraud claims, or they may not. There are limits, under California law, on the ability to contractually insulate oneself from liability for one's own fraud[.]"). The parties are advised to consider the effect of this area of California law when amending (and moving to dismiss).

# **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' Motion to Dismiss (Doc. No. 5) is GRANTED;
2. Plaintiffs are granted 21 days from the date of service of this Order to file a First Amended Complaint; and
3. If after 21 days, Plaintiffs have not filed a First Amended Complaint, the dismissal will be deemed granted with prejudice and the case will be closed.

IT IS SO ORDERED.

Dated:   November 20, 2018

SENIOR DISTRICT JUDGE